**In re Richard Gene Sturgeon, Bankrupt, and Mabel Louise Sturgeon, Bankrupt.**

**Richard Gene STURGEON and Mabel Louise Sturgeon, Appellants,**

v.

**Frederic R. STEELE, Bankruptcy Trustee, Appellee.**

**No. 77–1806.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 11, 1977.

Decided Oct. 26, 1977.

Roger W. Archer, Fairmont, W.Va. (Allan N. Karlin, Morgantown, W.Va., North Central West Virginia Legal Aid Society on brief), for appellants.

No argument by appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Effective June 7, 1974, the individual personal property exemption in West Virginia was increased from $200 to $1,000. On January 29, 1976, the bankrupts, husband and wife, filed their separate voluntary bankruptcy petitions in the United States District Court for the Northern District of West Virginia, and, in the subsequent proceedings, they claimed the benefit of the $200 personal property exemption as against all debts contracted before June 7, 1974, and of the $1,000 exemption against all debts contracted since that date. The Bankruptcy Judge denied the claim to a $1,000 exemption against debts created after June 7 and limited the bankrupts to the $200 as against all debts, whether incurred before or after June 7, 1974. He gave no reason for his conclusion. The District Judge affirmed, finding that under § 10, Article I of the Constitution (the impairment of a contract clause) an increase in the exemption was "inapplicable to creditors existing before the effective date of the amendment" providing for the increase. The bankrupts have appealed. We reverse.

The bankrupts do not seek the benefit of the increase in the exemption against debts "existing before the effective date of the amendments providing for the increase;" they are demanding its benefits solely against debts created after the increase was legislated. They were clearly entitled to the benefit of the increase in exemption against debts incurred subsequent to the effective date of the increase and the Bankruptcy Judge and the District Court were in error in denying such benefit to them. We realize that there will likely be some problem in bookkeeping for the trustee and the Bankruptcy Judge because of the variation in the application of the exemption to the debts incurred during the two pertinent periods but such difficulty cannot justify a denial of the bankrupts' clear legal right to the benefit of the increased exemption against their debts incurred subsequent to the effective date of the exemption.

*REVERSED.*